UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

**LLOY WHITE,**

    **Plaintiff,**    CASE NO. 1:10-CV- *110 (WLS)*

vs.

**METROPOWER, INC.,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, Lloy White, by and through the undersigned attorney, sues the Defendant, Metropower, Inc., as follows:

## FACTS

1. This is an action to recover unpaid wages and overtime compensation under the Fair Labor Standards Act, *as amended*, 29 U.S.C. § 201 *et. seq.* (hereinafter "the FLSA"). This is an action involving claims which are, individually, in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of costs and interest.

2. Venue lies in Albany, Georgia, since all of the material actions complained of herein occurred within Albany, Georgia.

3. At all times material and relevant herein, Plaintiff was employed by Defendant within meaning of the FLSA, 29 U.S.C. § 203(e)(1).

4. Defendant, Metropower, Inc. is a corporation organized and conducting business under the laws of the State of Georgia.

5. Defendant employed Plaintiff as a Senior Helper/Driver from approximately

December 3, 2007 up through and including approximately May 14, 2010. His last hourly rate of pay was $14.03 per hour.

6. Throughout his employment, Plaintiff was engaged in services and duties essential to construction.

7. Plaintiff was a hard working, dedicated, and loyal employee. During his employment with Defendant, there were many times that Plaintiff was forced to work off the clock, in excess of 40 hours per work. Plaintiff was not paid at all for any of this time that he worked off of the clock. Most, if not all, of the time that Plaintiff worked off the clock he was forced to work in excess of forty (40) hours per workweek without receipt of overtime compensation. Plaintiff is owed his regular rate of pay for any time that he was forced to work off the clock prior to obtaining forty hours per week, and he is further owed overtime compensation for the overtime hours worked off of the clock.

8. Plaintiff has retained the undersigned to represent his interests in this action and is obligated to pay her a reasonable fee for her services. Defendant should be made to pay said fee and any costs affiliated with this action and any underlying administrative process.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, ET SEQ.
## UNPAID WAGES/OVERTIME

9. Plaintiff realleges paragraphs 1 through 8.

10. Plaintiff worked as an employee for Defendant.

11. Plaintiff was a highly dedicated employee during Plaintiff's tenure with Defendant.

12. Plaintiff fulfilled all the duties and functions of Plaintiff's position with Defendant and, at all times pertinent hereto, was qualified for the position Plaintiff held with Defendant.

13. Plaintiff's dedication was rewarded by the failure of Defendant to pay Plaintiff for hours worked, forcing him to work "off the clock," and failure of Defendant to pay Plaintiff overtime for hours worked in excess of forty hours per week.

14. Plaintiff suffered loss of wages as a consequence.

15. Defendant has ratified the unlawful conduct of its supervisors and managers in failing to properly pay Plaintiff wages for hours worked and for overtime.

16. Defendant failed to have effective policies and procedures in place to prevent and correct the wrongs stated herein.

17. Defendant was - and is - required to pay Plaintiff compensation at no less than a federally-established minimum wage for each hour worked, plus overtime compensation at one and one-half times Plaintiff's regular hourly wage for any hours worked in excess of forty (40) hours, pursuant to 29 U.S.C. § 207(a)(1). Defendant is further required to compensate Plaintiff for hours worked off the clock..

18. Defendant failed to pay Plaintiff a wage of at least the federal minimum wage for each hour worked, plus overtime compensation, plus hours worked off the clock pursuant to the FLSA.

19. Defendant's actions were willful and not in good faith.

20. Defendant is liable to Plaintiff for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b).15.

21.   Defendant is responsible for Plaintiff's attorney fees and costs pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)   that process issue and this Court take jurisdiction over this case;

(b)   judgment against Defendant and for Plaintiff awarding actual damages, liquidated damages and equitable relief against Defendant for the Defendant's violations of law enumerated herein;

(c)   judgment against Defendant and for the Plaintiff permanently enjoining Defendant from future violations of laws enumerated herein and remedying all past and future lost income, raises, promotions, and other benefits of which Plaintiff has been unlawfully deprived;

(d)   prejudgment interest;

(e)   judgment against the Defendant and for the Plaintiff awarding the Plaintiff his attorneys' fees and costs;

(f)   All damages as allowed by law; and

(g)   Any other relief deemed just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED THIS 17th day of August, 2010.

Respectfully submitted,

*/s/ David G. Sullivan*
David G. Sullivan [GBN 141754]
SOLOMON, SULLIVAN, ROMO,
   & DURRETT
2108 Delta Way
Tallahassee, Florida 32303
Telephone: (850) 385-6668
Facsimile: (850) 385-3750
COUNSEL FOR PLAINTIFF